IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARMON V. COOK, JR. & PAMELA COOK, Husband & Wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:13-cv-01189-JPG-DGW |
| GREEN TREE SERVICING, LLC, a Corporation, | ) ) ) | Notice of Removal from the Circuit Court for the Third Judicial |
| Defendant. | ) ) ) | Circuit, Madison County, Illinois Case No: 13-L-1654 |

## NOTICE OF REMOVAL

Please take notice that Defendant, Green Tree Servicing LLC, incorrectly sued as Green Tree Servicing, LLC (no comma) ("Green Tree Servicing"), hereby removes the above-captioned lawsuit from the Circuit Court of the Third Judicial Circuit, Illinois (Madison County, Illinois) to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, on the basis of the following facts which demonstrate the existence of subject matter jurisdiction in this Court:

### Procedural History

1. On October 2, 2013, Plaintiffs, Harmon V. Cook, Jr. and Pamela Cook, filed their complaint in the Circuit Court of the Third Judicial Circuit, Illinois (Madison County, Illinois). A copy of Plaintiffs' complaint is attached as Exhibit A. Plaintiffs' complaint asserts, in addition to a claim under a state statute, a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. On October 17, 2013, Green Tree Servicing was served with a copy of Plaintiffs' complaint.

3. This Notice of Removal is timely under 28 U.S.C. §1446(b).

## Basis for Removal – Federal Question

4. Pursuant to 28 U.S.C. § 1441(a), if the district courts of the United States have original jurisdiction over an action that is filed in state court, the action may be removed to the appropriate district court.  Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over actions arising under federal laws.  Here, Plaintiffs have filed a claim under a federal law -- specifically, a claim under the Fair Debt Collection Practices Act -- in the Circuit Court of the Third Judicial Circuit, Illinois.  This Court has original jurisdiction over that claim.

5. Moreover, pursuant to 1441(c), if a claim that is removable under 28 U.S.C. § 1331 is joined with an otherwise non-removable claim, the entire case may be removed to the district court.  Here, Plaintiffs have joined a state-law claim -- specifically, a claim under the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. -- to their Fair Debt Collection Practices Act claim.  Because Plaintiffs' state-law claim has been joined to a removable federal claim, Plaintiffs' entire action is removable under 1441(c) and 1331.

## Basis for Removal – Diversity

6. Additionally, pursuant to 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction over actions where there is complete diversity of citizenship and the amount in controversy is over $75,000.

7. Green Tree Servicing is diverse in citizenship from Plaintiffs.  Plaintiffs are citizens of the State of Illinois.  Plaintiffs' complaint, ¶ 1.

8. Green Tree Servicing is a Delaware limited liability company with its principal office located in Minnesota.   Based on the citizenship of its members, Green Tree Servicing is a citizen of Delaware, Minnesota, Florida, and Maryland.

9. The members of Green Tree Servicing are Green Tree Licensing, LLC, a Delaware limited liability company with its principal office in Minnesota, and Green Tree Servicing Corp., a Delaware corporation with its principal office located in Minnesota.

10. The sole member of Green Tree Licensing, LLC is Green Tree MH LLC, a Delaware limited liability company with its principal office located in Minnesota.

11. The members of Green Tree MH LLC are Green Tree HE/HI LLC, a Delaware limited liability company with its principal office located in Minnesota, and Green Tree MH Corp., a Delaware corporation with its principal office located in Minnesota.

12. The members of Green Tree HE/HI LLC are Green Tree CL LLC, a Delaware limited liability company with its principal office located in Minnesota, and Green Tree HE/HI Corp., a Delaware corporation with its principal office located in Minnesota.

13. The sole member of Green Tree CL LLC is Green Tree Investment Holdings II LLC, a Delaware limited liability company with its principal office located in Minnesota.

14. The sole member of Green Tree Investment Holdings II LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota.

15. The sole member of Green Tree Credit Solutions LLC is Walter Investment Holding Company LLC, a Delaware limited liability company with its principal office located in Florida.

16. The sole member of Walter Investment Holding Company LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida.

17. Green Tree Servicing is not and was not at the time of the filing of Plaintiffs' complaint a corporation or a citizen of the State of Illinois. Green Tree Servicing does not and did not at the time of the filing of Plaintiffs' complaint maintain its principal office in Illinois.

18. As a result, there is a complete diversity of citizenship between Plaintiffs and Green Tree Servicing.

19. The amount in controversy is over $75,000. Plaintiffs' complaint alleges (a) emotional distress damages in excess of $50,000 (Plaintiffs' complaint, ¶ Count II, ¶ 36), (b) damages in the amount of "the entire amount of payments, penalties, and interest claimed to be due on the GMAC first mortgage on the Cooks' real estate from January 1, 2013 through March 1, 2014" (Plaintiffs' complaint, Count II, ¶ 36), which, since monthly loan payments under the note are $933.21 (Plaintiffs' complaint, Ex. 22), 15 months of loan payments, plus penalties, are in excess of $14,000, and (c) incurred attorney's fees and costs at the time of filing of Plaintiffs' complaint in excess of $15,000 (Plaintiffs' complaint, Count I, ¶ 41).

20. Venue is proper in this Court, pursuant to 28 U.S. C. § 1441(a), because this is the district and division embracing the place where the state court action is pending.

21. Pursuant to 28 U.S.C. 1446(d), Green Tree Servicing will provide written notice of this removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the clerk of the Circuit Court of the Third Judicial Circuit, Illinois.

22. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court is tendered with this Notice of Removal.

WHEREFORE, Defendant Green Tree Servicing LLC respectfully requests that this Court take jurisdiction of this mater and grant such other and further relief as the Court deems just.

Dated: November 18, 2013

Respectfully submitted,

**GREENSFELDER, HEMKER & GALE, P.C.**

/s/ Donald K. Schoemaker
Donald K. Schoemaker, #6199062
dks@greensfelder.com
12 Wolf Creek Drive, Suite 100
Belleville (Swansea), Illinois 62226
Phone: (618) 257-7308
Fax:    (618) 257-7353

And, *Of Counsel*

Jonathan N. Ledsky, No. 6194097
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
125 South Wacker Drive
Suite 2150
Chicago, Illinois  60606
(312) 341-9400 (Phone)
(312) 419-0225 (Fax)

*Attorneys for Defendant*
*Green Tree Servicing LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Richard L Steagall
nicsteag@mtco.com

/s/ Donald K. Schoemaker
Donald K. Schoemaker