IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARMON V. COOK, JR. and PAMELA COOK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 13-cv-01189-JPG-DGW |
| GREEN TREE SERVICING, LLC, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

This matter comes before the Court on cross motions for summary judgment. Defendant Green Tree Servicing, LLC ("Green Tree") filed its Motion (Doc. 49) for Summary Judgment followed by Plaintiffs' Motion (Doc. 51) for Summary Judgment. Both parties filed timely responses.

I. **Background.**

This matter was brought pursuant to the Fair Debt Collection Practices Act ("FDCPA")(15 U.S.C. §1692 *et seq*.) and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud")(815 ILCS 505/1) which incorporated Section 2 of the Uniform Deceptive Trade Practices Act (815 ILSC 510/2). The Plaintiffs alleged that the Defendant Green Tree violated the various acts while attempting to collect a mortgage debt on the property owned by the Plaintiffs located in Madison County, Illinois.

The property in question was subject to a first and second mortgage note through GMAC Mortgage ("GMAC"). GMAC assigned one of the mortgages to Owen Loan Servicing with a transfer date of February 16, 2013 and that mortgage was subsequently paid. The other mortgage was transferred to Green Tree with an effective date of February 1, 2013. The

Plaintiffs made payments on the second note to GMAC through December of 2012, but have failed to make any payments to Green Tree alleging that they have never received proper notice of the transfer.

The Plaintiffs received notice from GMAC Mortgage[1] dated January 22, 2013[2] that it was transferring the servicing of their mortgage to Green Tree. They also received correspondence from Green Tree dated February 6, 2013 stating that it had assumed the serving of the GMAC Mortgage. On February 10th, 2013, Green Tree sent Plaintiffs written correspondence informing them that their account representative was Tameka J. and provided Tameka's contact information. The Plaintiffs telephoned Tameka who indicated that the property was in foreclosure. Plaintiffs then sought counsel.

Their counsel, Richard Steagall, requested documentation from Green Tree on their right to receive the payments on the GMAC mortgage. Over the next several months, counsel attempted to obtain specific documentation with no satisfactory results.

In July of 2013, the Plaintiffs were contacted by the law firm of Johnson, Blumberg, & Associates, LLC and informed that they owed Green Tree $140,965.19. Another correspondence from Johnson, Blumberg, & Associates, LLC that month stated that the mortgage loan had been referred for foreclosure. Counsel for Plaintiffs contacted the law firm and again attempted to obtain documentation demonstrating that Green Tree had a right to receive the payments on the GMAC mortgage. When Plaintiffs were not satisfied with the responses they received, they filed suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois and the defendant removed to the Southern District.

---

[1] All further reference to the GMCA mortgage will be to the mortgage note transferred to Green Tree.
[2] All correspondence is referenced by the date on the document and not by any received date indicated on the document.

The Plaintiffs move for summary judgment on the following issues:

> "1. Green Tree Servicing LLC sent 11 letters to Harmon Cook and/or Pamela Cook after its agents knew the Cooks were represented by Richard L. Steagall, an attorney, and has violated 15 U.S.C. § 1692(c)(2).
>
> 2. Green Tree Servicing LLC did not cease collection efforts and provide validation that GMAC Mortgage LLC had assigned its rights to service the first GMAC mortgage on the Cooks' home owned by Fannie Mae until it produced the assignment agreements on December 17, 2014 in compliance with this court's December 12, 2014 Order and has violated 15 U.S.C. § 1692g(b).
>
> 3. Fannie Mae from Green Tree Serving LLC's May 7, 2013 letter and the Assignment Agreements produced under the December 12, 2014 Order is the owner of the Cooks' GMAC first mortgage. Green Servicing LLC through its authorized agents falsely prepared an Assignment of Mortgage from GMAC Mortgage LLC to Green Servicing LLC on July 3, 2013 and recorded the document with the Madison County Record of Deeds on July 5, 2013. The Assignment is a false statement in connection with collection of a debt in violation of 15 U.S.C. § 1692c. It is also false and deceptive conduct in trade or commerce in violation of Section 2 of the Illinois Consumer Fraud Act. 815 ILCS 510/2."

The Defendant does not list specific issues, but moves for summary judgment on Plaintiffs' Complaint stating Plaintiffs' claims fail as a matter of law. As such, the Court will review the entire complaint to determine whether either party is entitled to summary judgment on the allegations.

II. **Standard**.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences

in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

III. **Analysis**.

    A. **Correspondence in Violation of § § 1692c & 1692g of the FDCPA.**

The Defendant admits that the Plaintiffs sent "multiple letters to Green Tree demanding additional information about the transfer of servicing of Borrowers' loan to Green Tree." (Doc. 50, pg 4) However, Defendant states that they responded to the correspondence and provided the Plaintiffs with the information required by the FDCPA - yet the Plaintiffs refused to remit their mortgage payments to Green Tree.

The FDCPA § 1692g requires that:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed;

> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiffs received notice from GMAC Mortgage dated January 22, 2013, that it was transferring the servicing of their mortgage to Green Tree and that the Plaintiffs, pursuant to Section 6 of the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. § 2605), had 60 days to "make appropriate corrections to your account and must provide you with a written clarification regarding any dispute." (Doc. 50-7, pg 4).

Plaintiffs then received a letter from Green Tree dated February 6, 2013, which appears to be the initial contact from Green Tree to the Plaintiffs. That correspondence included the information that the mortgage loan was transferred from GMAC to Green Tree, another RESPA Notice, but no other information as required by § 1692g(a) of the FDCPA. (Doc. 54-4).

The first written correspondence from the Plaintiffs to Green Tree appears to be a letter from their attorney dated March 6, 2013[3]. The March 6, 2013 letter states that, "The February 10, 2013 letter does not correctly set forth the debt and does not comply with the Fair Debt Collection Act." It went on to state that the debt was disputed pursuant to 15 U.S.C. § 1692g(b).

---

[3] There are two March 6, 2013 letters from Richard Steagall to Green Tree. One is addressed to Green Tree in St. Paul, MN and the other to Green Tree in Rapid City, SD. The March 6, 2013 discussed herein is the letter addressed to Green Tree in Rapid City. It appears that the letter to Green Tree St. Paul enclosed the March 6, 2013 letter to Green Tree Rapid City.

The February 10, 2013, letter from Green Tree notified the Cooks of their assigned account representative, but again failed to include any of the requirements of § 1692g(a). The next correspondence from Green Tree to the Plaintiffs appears to be March 7, 2013, and also failed to include the requirements of § 1692g(a).

The first correspondence that appears to have complied with the requirements of § 1692g(a) of the FDCPA for the contents of the notice of debt is the letter from Green Tree, through their counsel, to the Plaintiffs dated July 5, 2013. As the initial written communication was February 6, 2013, the compliance letter was sent approximately five months after the initial communication. As such, Green Tree failed to comply with § 1692g(a) of the FDCPA requiring the contents of the written notice of debt within 5 days after the initial communication with a consumer in connection with the collection of any debt.

There are also letters from Green Tree, directly to the plaintiffs, on March 21, 2103; March 28, 2013; May 24, 2013; June 6, 2013; June 12, 2013; July 2, 2013; July 3, 2013; July 5, 2013; July 8, 2013; August 13, 2013; and October 5, 2013.

15 U.S.C. § 1692c states:

> (a) Communication with the consumer generally
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> **(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or.

Green Tree was notified on March 6th, 2013, that the plaintiffs were represented by counsel and as such, Green Tree had actual notice that Plaintiffs were represented in connection with the collection of the mortgage. There is no indication, and Green Tree does not argue, that their attorney failed to respond within a reasonable period of time or consented to the direct communication with the plaintiffs, yet Green Tree continued to send correspondence directly to the plaintiffs.

Defendant argues that the letters were "informational notices" and states that in order to be actionable, the communication must be made in connection with the collection of a debt. The Defendant cites to *Bailey v. Security National Servicing Corporation*, 154 F.3d 384 (7th Cir. 1998) which noted that, "Under the law only communications 'in connection with the collection of any debt' fall under the ambit of the Act." *Id* at 388 (citations omitted.) However, the *Bailey* matter involved a notification of pending payments on a loan that was not in default and the defendant in that matter was not found to be a debt collector subject to the Fair Debt Collection Act.

Although the Court agrees that the February 10, 2013; March 28, 2013; May 24, 2013; June 6, 2013; June 12, 2013; and July 2[4], 2013, are limited to "informational notices" with regard to the account representative, the July 3, 2013 correspondence states "Your account has been referred to an attorney to initiate foreclosure action against your property secured by the above-referenced account." The letter goes on to outline "foreclosure prevention alternatives" and requests financial documentation. Further, the July 5, 2013 letters is a FDCPA compliance notice and it further states that "The law does not require us to wait until the end of the thirty (30) day period before filing a lawsuit to collect the debt." (Doc. 2-2). Finally, the July 8th,

---

[4] There are two July 2, 2013, letters. The first letter is from Green Tree to the Plaintiffs informing them that Green Tree had received their correspondence of 6/20/2013 and the second letter is from Green Tree to the Plaintiffs notifying them of their assigned account representative. The Court is referring to the second July 2, 2013, letter.

2013; August 13, 2013; and October 5, 2013 letters all indicate a pending foreclosure which goes beyond a mere "informational notice."

*Gburek v. Litton Loan Servicing,* 614 F.3d 380 (7th Cir. 2010) is on point regarding these types of letters. The Court held:

> Gburek's was in default on her mortgage loan, and Litton's letter offered to discuss 'foreclosure alternatives' and asked for her financial information in order to initiate that process. This letter is Litton's opening communication in an attempt to collect Gburek's defaulted home loan – by settlement or otherwise. Though it did not explicitly ask for payment, it was an offer to discuss Gburek's repayment options, which qualifies as a communication in connection with an attempt to collect a debt. *Supra* at 386.

Defendant also cites to *Gbruek* for the argument that whether Green Tree's communications were sent in connection with an attempt to collect a debt is a question for the jurors. "[W]hether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Id* at 386 citing *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009).

The issue in *Ruth* was whether extrinsic evidence of what the unsophisticated consumer might think was necessary to establish the "in connection with" element and the court held that, "It need not be established by extrinsic evidence of what the unsophisticated consumer might think." *Ruth,* at 798. The *Ruth* court further found in favor of the Plaintiff on summary judgment based on the undisputed facts.

In this matter, the July 3, 2013; July 5, 2013; July 8, 2013; August 13, 2013; and October 5, 2013, letters demonstrate that they contained more than "informational notices" and as the Court in *Gbruek* found, letters containing offers of repayment options qualify as communication in connection with an attempt to collect a debt. As such, no extrinsic evidence of "what the

unsophisticated consumer might think" is necessary for this Court to hold that these letters from Green Tree to the Plaintiffs were communications in connection with an attempt to collect a debt. As such, Green Tree failed to comply with § 1692c of the FDCPA which prohibits communication with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt.

      B.  **Verification Violation of § 1692g of the FDCPA.**

Next, the Court will consider Plaintiffs' main contention that Green Tree failed to provide "verification" that it was entitled to receive payments on the Plaintiffs' GMAC loan. Plaintiffs' correspondence of March 6, 2013, states that the Plaintiffs would "pay" as soon as their attorney received: 1) a copy of the Order of the U.S. Bankruptcy Count allowing GMAC to enter a servicing agreement with Green Tree; 2) A copy of the servicing agreement; and 3) confirmation that accounting set forth in the correspondence with regard to amount owe was correct. (Doc. 50-9).

Plaintiffs cite to *Overseas Development DSC Corp. v. Sangamo Construction Co,* 686 F.2d 498, 504-5 (7th Cir. 1982) which stated that, "'[A]n assignment shall not be effective towards the obligor or a third party unless accepted by the obligor or notified to him'" and "[I]f the obligor pays without knowledge that the right to receive payment has been transferred, he cannot be forced to pay again." However, there is ample documentation that the Plaintiffs received notice of the transfer. They received correspondence from GMAC and Green Tree. The fact that the Plaintiffs received notice is not in dispute.

Plaintiffs' actual argument is that the notice was insufficient and that they were entitled to receive additional documentation. However, the Plaintiffs do not cite to any statutory or case

9

law requiring a debt collector to provide documentation beyond the notice contents of § 1692g(a) of the FDCPA or the verification requirements of § 1692g(b) of FDCPA.

The validation of debts provision of § 1692g(b) of the FDCPA states that if a debt is disputed:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof,* **until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. (*emphasis added*.)

The parties did not cite, and the Court could not locate, any controlling precedent with regard to the "verification of a debt" under § 1692g(b). However, Defendant cites to *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999) which held:

> [V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. *See Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir.1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996). Consistent with the legislative history, verification is only intended to "eliminate the ... problem of debt collectors dunning the wrong person or attempting to

10

> collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt. *Id* at 406.

Although not controlling precedent, the Court agrees with the reasoning in *Chaudhry* that only such information as to ensure the amount being demanded is the amount actually owed and that the debt collector is dealing with the proper individual who owes the debt is required. Further, § 1692g(b) of the FDCPA only requires that collection must cease until either the verification of the debt *or* the name and address of the original creditor is mailed to the consumer. When a statute provides several options for compliance, any option properly employed satisfies the requirement.

In this matter, it appears that Green Tree first provided the name and address of the original creditor in its letter of May 7th, 2013. As such, Green Tree should have ceased all collections effort between the notice of dispute on March 6th, 2013 and providing the required information on May 7th, 2013. Therefore, Green Tree violated § 1692g(b) of the FDCPA by failing to cease collection of the debt until Green Tree mailed verification of the debt to the Plaintiffs.

As a matter of good practice, however; the Court would note that Green Tree could have avoided this litigation (along with the foreclosure litigation) by simply responding to the Plaintiffs' counsel with the requested documents.

### C. "Threat" in Violation of § 1692e(5) of the FDCPA.

Next, the Defendant argues that it is entitled to summary judgment on the issue of whether the notification of pending foreclosure was a "threat" in violation of 1692e(5).

It is first noted that, subsequent to the filing of these motions and responsive briefs, 15 U.S.C. § 1692e(5 & 10) and § 1692f(1) were found by the United States District Court, M.D. Florida, Jacksonville Division, to be repealed by implication in *Townsend v. Quantum3 Group, LLC,* 535 B.R. 415 (2015). *Townsend* is not controlling precedent for this Court and its decision was with regard to a conflict between the FSCPA and U.S. Bankruptcy law. No such conflict exist here and § 1692e(5 & 10) and § 1692f(1) remains valid law for this Court.

15 U.S.C. § 1692e(5) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

Plaintiffs allege that the "threat" of "foreclosure" was threat to take action that Green Tree had not intended to take. It is common knowledge that failure to make mortgage payments can result in foreclosure. The process of foreclosure – for all intent and purposes – begins with the first missed payment that puts the lender on notice that the debt may be defaulted. Plaintiffs cite to no authority that states foreclosure only begins when the foreclosure action is filed with a court. Plaintiffs have not demonstrated that "foreclosure" begins at a specific point and there is nothing to indicate that Green Tree would not – or could not – proceed with foreclosure at any time. As such, there is no evidence to support that "foreclosure" was a "threat" that Green Tree did not intended to be taken – or a "threat" of action that Green Tree could not legally take since Plaintiffs were clearly in default of the mortgage payments. Therefore, Green Tree is entitled to summary judgment on this issue.

**D. "False, Deceptive, or Misleading" Representations in Violation of the general clause of § 1692e of the FDCPA.**

The Plaintiffs argue that the Assignment of Mortgage from GMAC Mortgage LLC to Green Servicing LLC on July 3, 2013 and recorded the document with the Madison County Record of Deeds on July 5, 2013 was a false statement in connection with the collection of a debt in violation of the general provision of 15 U.S.C. § 1692e[5].

This Court ruled in the related case of *Green Tree Servicing, LLC v. Cook,* (14-cv-00107–JPG-DGW) that the Plaintiffs "have no standing to challenge the sufficiency of the negotiation and assignment of the Note and Mortgage, as they were not a party to the transfer." (Doc. 33, 14-cv-00107.) The same ruling is applicable here. The Plaintiffs were not a party to the transfer and therefore lack standing to challenge the sufficiency of the transfer. Therefore, the Court must view the Assignment Notice as valid.

However, to the extent that the Plaintiffs are arguing that it was a "False, Deceptive, or Misleading" representation, the Seventh Circuit has consistently held that with regard to "false, deceptive, or misleading representations" in violation of § 1692e of the FDCPA, the standard is: (1) whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law. *See Ruth v. Triumph,* 577 F.3d 790, 799-800 (7th Cir. 2009), *Turner v. J.V.D.B. & Associates*, 330 F.3d 991, 995 (7th Cir. 2003); *Sims v. GC Services L.P.*, 445 F.3d 959, 963 (7th Cir. 2006); *Evory v. RJM Acquisitions Funding*, 505 F.3d 769, 774-775 (7th Cir. 2007); *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *Zemmeckis v. Global Credit & Collection*

---

[5] Plaintiffs' Motion for Summary Judgment and Memorandum in Support thereof cite to 15 U.S.C. § 1692c; however; § 1692c has no prohibition with regard to debt collectors making false, deceptive, or misleading statements. The cited prohibition is located at 15 U.S.C. § 1692e.

*Corp.*, 679 F.3d 632, 635 (7th Cir. 2012).

The Assignment Notice was sent to the Plaintiffs' counsel so the standard is whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by the Assignment Notice.  The Assignment Notice indicates that the GMAC Mortgage was transferred from GMAC to Green Tree – the same transfer that was indicated in the GMAC letter of January 22, 2013 and the Green Tree letter of February 6, 2013.  Plaintiffs argue that this Assignment was "misleading" as Defendant had previously indicated that the owner of the mortgage in question was Fannie Mae.   As such, whether the conflicting information would deceive or mislead a competent attorney is a question of fact for the jury.

### E.  The Illinois Consumer Fraud and Deceptive Business Practices Act.

Count II of Plaintiffs' Complaint alleges that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act)(815 ILCS 505/1 *et seq*.) However, neither the Complaint nor the Plaintiffs' Motion for Summary Judgment provided the specific subsection of the Consumer Act under which each alleged violation occurred– only that all the alleged violations were "deceptive and misleading acts that created a likelihood of confusion or misunderstanding."  The Plaintiffs copied the entire Section 2 into the Complaint and it is unlikely that any of the Defendant's action fell into advertising or that the mortgage was "secondhand" goods.  As such, the Court is left in an effort of determining which subsection is applicable to which allegation.

The Illinois Consumer Fraud Act incorporates Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2)[6] which provides that:

---

[6] The Court notes that 815 ILCS 510/2 was held preempted by the Copyright Act in *Defined Space, Inc. v. Lakeshore East, LLC*, 797 F.Supp.2d 896 (N.D. Il. 20111).  However, the Copyright Act is inapplicable to the case at bar.

14

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:
>
> (1) Passes off goods or services as those of another;
>
> (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

Several allegations pertain to Defendant's failure to produce documents requested by the plaintiffs' counsel. Plaintiffs do not cite to any authority that states failure to provide documentation is a violation of the Consumer Fraud Act and this Court cannot locate a provision of the Act that would apply.

Next, Plaintiffs allege that telephone calls and correspondence from Green Tree indicating the property was in foreclosure was violation of the Consumer Fraud Act because the Defendant knew this statement to be false. The Court addressed this issue, above, with regard to the FDCPA. Plaintiffs have not provided any case or statutory law that would indicate a different standard would apply to the Consumer Fraud Act. Therefore, the same findings with regard to the FDCPA are found with regard to the Consumer Fraud Act.

There are also allegations pertaining to the bankruptcy of GMAC Mortgage and the Notice of Assignment. Again, Plaintiffs were not a party to either of these matters and therefore have no standing to challenge the sufficiency of these actions. However, to the extent that Plaintiffs argue that the information provided by Green Tree pertaining to the Notice of Assignment "confused and mislead" the Plaintiffs, the Act does not require actual confusion or misunderstanding in order to prevail. 815 ILCS 510/2(b). As with the FDCPA, this becomes an issue of fact for the jury to determine.

The Defendant argues that it is entitled to summary judgment with regard to the allegations that informing the Plaintiffs that their property was in foreclosure was not a violation of the Consumer Fraud Act. Again, the same reasoning stated above with regard to this issue under the FDCPA applies to the Consumer Fraud Act. As such, Defendant is entitled to summary judgment on this issue.

IV.  **Conclusion**.

Based on the above, the Court **GRANTS** Plaintiffs' summary judgment as a matter of law as follows:

1. That Green Tree violated 15 U.S.C. § 1692c by contacting the Plaintiffs on July 3, 2013; July 5, 2013; July 8, 2013; August 13, 2013; and October 5, 2013, after receiving notice that they were represented by Richard L. Steagall, an attorney.

2. That Green Tree violated 15 U.S.C. § 1692g(a) by failing to provide within five days after its initial communication to the Plaintiffs on February 6, 2013, a written notice containing the of amount of the debt; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

3. That Green Tree violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts upon notification on March 6, 2013, that the debt was in dispute until it provided the Plaintiffs with the name and address of the original creditor on May 7, 2013.

The Court **GRANTS** Green Tree's summary judgment as a matter of law as follows:

1. That Green Tree complied with the verification requirements of § 1692g(b) of the FDCPA when it provided the Plaintiffs the name and address of the original creditor in its written correspondence of May 7, 2015. As such, Green Tree did not violate 15 U.S.C. § 1692g(b) or 815 ILCS 505/1 *et seq.* by failing to provide the specific documentation requested by the Plaintiffs.

2. That Green Tree did not violate 15 U.S.C. § 1692g(b) or 815 ILCS 505/1 *et seq.* by indicating the mortgage was in foreclosure as there is no specific point at which the process of foreclosure begins other than a debtor missing payments.

Summary judgment is **DENIED** with regard to the following material facts which are in dispute:

1. Whether the Assignment Notice was a false, deceptive, or misleading representation in connection with the collection of the debt in violated § 1692e of the FDCPA as it indicated a transfer between Green Tree and GMAC and the Plaintiffs had been informed by Green Tree that Fannie Mae was the owner of the mortgage.

2. Whether the Assignment Notice caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with regard to GMAC and Fannie Mae in violation of 815 ILCS 505/1(3).

V. **Damages**

With regard to damages, pursuant to 15 U.S.C. § 1692k, the Plaintiffs are awarded statutory damages of $1,000 per Plaintiff, the costs of this action, and reasonable attorney fees for Defendant's violations of § § 1692c, 1692g(a) and 1692g(b).

As required by § 1692k(b), the Court considered the frequency and persistence of noncompliance, the nature of the noncompliance, and the extent to which such noncompliance was intentional.  The Court considered that there were 11 letters to the Plaintiffs after Green Tree was aware they were represented by counsel; however, six of those letters were limited to "informational notices" with regard to the account representative.  The Court further considered that Green Tree failed to cease its collection actions for approximately five months after being notified of the dispute and providing the required verification.  Finally, the Court considered that Green Tree did not argue that the violations were unintentional leading the Court to assume that either Green Tree's violations were intentional or Green Tree has failed to implement the necessary procedures for compliance with the FDCPA.  Given the above, the Court believes that the Plaintiffs are entitled to the $1,000.00 per person maximum statutory damages allowed by § 1692k(b) of the FDCPA.  Costs and reasonable attorney fees will be determined by this Court at the completion of this matter.

Plaintiffs' prayer for injunctive relief with regard to production of additional documents is denied as moot in light of the Court's holding that Green Tree had no obligation to provide Plaintiffs with additional documentation.  Further, Plaintiffs' prayer for injunctive relief that the Defendant be barred from contacting the Plaintiffs until February 1, 2014, is denied as moot as the time requested has expired.  However, Defendant is **CAUTIONED** that the Plaintiffs are represented by counsel and any additional direct contact with the Plaintiffs would be further violation of the FDCPA.

Also within the Plaintiffs' prayer for injunctive relief is the request for Defendant to "Provide proof that all payments of principal, interest, penalties, or any other form of payment from January 1, 2013 through February 1, 2014 have been fully satisfied and the Cooks are

released from any responsibility for such payments and the payment on the underlying promissory note secured by the mortgage are paid in full as of February 1, 2014 and no additional monies are past due." Such injunctive relief is **DENIED.** There is no statutory provision within the FDCPA that provides for the elimination of the debt, or part thereof, for violations of the act. For the Court to do so would exceed the provision of 15 U.S.C. § 1692k(2).

The Court will hold a hearing with regard to the actual damages sustained by the Plaintiffs. At the hearing, the Plaintiffs may present evidence of actual damages; however, such actual damages may not include the Plaintiffs' principal arrears on their mortgage. Even if the Plaintiffs did not believe that Green Tree had a right to the payment on their mortgage, the Plaintiffs should have known that the payments were due to some entity. Such payments should have been set aside in escrow until a determination of the proper mortgage holder.

The Court will consider mortgage fines, penalties, and/or any other additional damages outside the principal arrears. The hearing will be set as soon as possible.

Finally, the Court is aware that the Plaintiff Pamela Cook is undergoing continuing health issues and as such, the Court would encourage the parties to engage in settlement discussion with regard to this matter and the pending foreclosure litigation (14-cv-00107-JPG-DGW). Therefore, the parties are **DIRECTED** contact Magistrate Judge Wilkerson to set this matter for settlement conference at the earliest opportunity.

**IT IS SO ORDERED.**

**DATED:** 1/5/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**